UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 22-cr-76 |
| Plaintiff, | ORDER |
| v. | |
| MICHAEL COLLINS JR., | |
| Defendant. | |

This matter comes before the Court on Defendant Michael Collins Jr.'s pro se Notice of Removal Pursuant to Rule 11 Federal Rules of Civil Procedure. Dkt. No. 66.

On December 21, 2023, the Court held a revocation hearing on claims that Collins violated the terms of his supervised release by assaulting a romantic partner. *See* Dkt. Nos. 60, 64. Court-appointed counsel, Michael Craig Nance, represented Collins during the hearing, at which Collins admitted to the violation. Dkt. Nos. 54, 64.

Under the Sixth Amendment, the accused is afforded a defense, including the right to make his or her own defense. *Faretta v. California*, 422 U.S. 806, 819

ORDER - 1

(1975). But "[a] defendant must make an explicit choice between exercising the right to counsel and the right to self-representation so that a court may be reasonably certain that the defendant wishes to represent himself." *United States v. Arlt*, 41 F.3d 516, 518 (9th Cir. 1994). "A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel.'" *United States v. Johnson*, No. CR 21-94-BLG-DLC, 2022 WL 4104010, at *1 (D. Mont. Sept. 8, 2022) (citing *United States v. Bergman*, 813 F.2d 1027, 1030 (9th Cir. 1987)) (cleaned up). Whether a defendant may proceed pro se *and* with counsel—a "hybrid representation"—is within the discretion of this Court. *Id*. Thus, this Court has no obligation "to entertain pro se motions filed by a represented party." *United States v. Hoang Ai Le*, No. 2:16-CV-1090 WBS AC, 2016 WL 9447193, at *2 (E.D. Cal. July 26, 2016), report and recommendation adopted, No. 2:16-CV-1090 WBS AC, 2016 WL 9447194 (E.D. Cal. Sept. 12, 2016) (citing *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001)).

Nance recently represented Collins and has not withdrawn from this Court as Collins's counsel. *See* Dkt. Collins filed his Notice of Removal pro se. *See* Dkt. No. 66. Collins's Notice therefore constitutes hybrid representation without this Court's permission to proceed as such. The Court will not consider Collins's pro se Notice.

Accordingly, it is ORDERED that unless Collins notifies the Court that he has relieved his counsel, including an explanation regarding his representation in the King County Case No. 23-1-06391-7 SEA, the Court will not consider Collins's Notice or any other pro se filings in this matter.

ORDER - 2

Dated this 8th day of January, 2024.

_____
Jamal N. Whitehead
United States District Judge

ORDER - 3